## JACOB BUEL v. MARTHA DUKE.

*Deputation of Authority to Serve Summons.*

In endorsing upon a summons a deputation of authority to serve it, the justice need not certify that the person authorized is of age and not interested in the suit. It is not presumed that he selects an incompetent person.

Error to Wayne. Submitted and decided January 16.

PRACTICE: Summons. Defendant brings error. The facts are in the opinion.

*Browse T. Prentis* for plaintiff in error. There is no presumption in favor of a justice's jurisdiction, *Wight v. Warner*, 1 Doug. (Mich.), 384; *Clark v. Holmes*, id., 390; *Spear v. Carter*, 1 Mich., 19; it must appear affirmatively, *Carlisle v. Weston*, 21 Pick., 535; *Saunders v. Tioga Mfg. Co.*, 27 Mich., 520; *Denison v. Smith*, 33 Mich., 155; *Miller v. Brinkerhoff*, 4 Den., 118.

*Hawley & Firnane* and *Hoyt Post* for defendant in error. Where a justice has authority to act, the law infers from his acting that the necessary conditions existed, *Turner v. People*, 33 Mich., 363.

PER CURIAM. This case was commenced in justice's court by summons, and the summons was served by a person deputed for the purpose. The deputation endorsed on the summons was in the following words: "By request of plaintiff I hereby authorize Charles Harryman to serve the within process on the within defendant. Detroit, October 28, 1874. Frederick J. Barbier, Justice of the Peace."

This deputation is claimed to be defective, because it does not recite that Harryman was a person of lawful age, and not interested in the suit. We do not think this a fatal defect. It is not usual to make such a recital,

and in the absence of any showing on the point, we cannot presume the justice selected an incompetent person.

This is all there is of the case in this court. Judgment must be affirmed with costs.